# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-1676
_____

United States of America

*Plaintiff - Appellee*

v.

Donald K. Shephard

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 12, 2022
Filed: August 24, 2022
_____

Before LOKEN, ARNOLD, and KOBES, Circuit Judges.
_____

LOKEN, Circuit Judge.

In June 1992, a jury convicted Donald K. Shephard of distributing more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court sentenced Shephard to life in prison on this count. In February 2020, Shephard moved for a sentence reduction under Section 404 of the First Step Act of 2018, which allows a district court to reduce the sentence of a defendant who was

sentenced before the Fair Sentencing Act of 2010 became effective if that Act altered the mandatory minimum sentence for his offense. First Step Act of 2018, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222; see 21 U.S.C. § 841, Stat. Notes. The district court[1] found Shephard eligible for a reduction and reduced his sentence to 480 months, his new statutory maximum penalty under § 841(b)(1)(B) as modified by section 2 of the Fair Sentencing Act.

Shephard appeals, arguing the court procedurally erred in recalculating his amended advisory guidelines range and abused its discretion by imposing a statutory maximum term of imprisonment. The alleged recalculation error was failing to apply Guidelines Amendment 742, a nonretroactive amendment effective November 1, 2010, that would lower his amended range to 262-327 months. In Concepcion v. United States, the Supreme Court recently addressed this issue, holding that the First Step Act does not *prohibit* district courts "from considering evidence of rehabilitation, disciplinary infractions, or [nonretroactive] unrelated Guidelines changes." 142 S. Ct. 2389, 2401 (2022). Applying this decision, which is consistent with prior Eighth Circuit First Step Act precedents, we affirm.

## I.

This First Step Act appeal comes to us with an unusual procedural history. At Shephard's initial sentencing hearing, the district court determined that his then-mandatory guidelines sentencing range as "the most culpable person" in a large conspiracy to distribute cocaine and cocaine base was 360 months to life imprisonment. Following a contentious hearing during which Shephard repeatedly interrupted and swore at the district court and attempted to kick a Marshal, the court sentenced him to life on the § 841(b)(1)(A) count and to lesser concurrent sentences

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

on the other counts of conviction.  We affirmed the conviction and sentence.  See United States v. Shephard, 4 F.3d 647 (8th Cir. 1993).

In July 2015, Shephard filed a *pro se* motion for a sentence reduction under Guidelines Amendment 782, which retroactively reduced the base offense levels for several controlled substances.  The district court denied the motion based on the Probation Office's report that the amended advisory guidelines range remained 360 months to life.  Responding to Shephard's motion to reconsider, the Probation Office conceded it had used the wrong base offense level; the amended range should be 292-365 months.  However, the report recommended denying relief due to Shephard's serious post-sentence conduct.  His dozens of conduct violations while in custody included physical assault, throwing excrement at prison staff, starting a fire in the prison law library, and possessing intoxicants, violations that resulted in the Bureau of Prisons moving Shephard to the maximum security facility in Florence, Colorado for "poor institutional adjustment."  The district court denied the motion to reconsider for reasons "set forth in the Court's previous order."  Shephard appealed, arguing that the district court relied on an incorrect guidelines range.

With the Amendment 782 appeal pending, Shephard filed this motion for a First Step Act sentence reduction in the district court.  In response, the government moved this court to remand the Amendment 782 appeal so the district court could:

> (1) clarify whether Shephard is eligible to receive the benefit of Amendment 782's Guidelines-range reduction . . . (2) determine whether Shephard should receive a sentence reduction under the § 3553(a) factors[, and (3)] rule on Shephard's pending First Step Act motion.

We remanded to the district court "for further proceedings consistent with the United States' motion for remand."

On remand, the district court took up Shephard's First Step Act motion. The court ruled Shephard is eligible for relief and directed the Probation Office to prepare an addendum to the PSR analyzing "whether any retroactive Guideline amendment impacts the calculation of [Shephard's] recommended Guidelines range." Amendment 782 is a retroactive amendment. The Probation Office addendum applied the 292-365 month amended guidelines range from its corrected Amendment 782 eligibility report. At a hearing on January 28, 2021, Shephard argued that Amendment 742 lowered his criminal history to Category IV, further reducing the advisory range to 262-327 months. Shephard conceded Amendment 742 was not retroactive but argued it should be considered.

After hearing argument from Shephard and the government, the district court announced that it would reduce Shephard's life sentence to 480 months, the new statutory maximum for Shephard's offense. The court focused its explanation on the nature of the original offense and Shephard's post-sentencing conduct. It did not announce an amended guidelines range. The government reminded the court it needed to resolve the remanded Amendment 782 motion. Shephard's counsel noted his objection to the Probation Office's amended range. The discussion concluded:

> THE COURT: . . . I know that [you're] trying to make your record as to what the Court has found with regard to 292 through 365, but . . . I'm not comfortable answering that. I think that's the case, but I want to have the opportunity to review it. If we have to get back and make a record, that's fine.

> [SHEPHARD'S COUNSEL]: I don't need a record, Judge. We will put [292 to 365] in the proposed order . . . [a]nd then before you sign it [you'll] have plenty of time to look at it.

On March 10, the district court entered the Order for Sentence Reduction being appealed. The Order granted Shephard's First Step Act motion, determined that his

First Step Act Amended Guideline Range is 292-365 months, and reduced his life sentence to 480 months. The Order stated that this reduced sentence "is an upward variance from the guideline range based on the court's review of the factors at 18 USC 3553(a) including the history and characteristics of the defendant and the nature and circumstances of the offense."

## II.

**A.** On appeal, Shephard first argues the district court procedurally erred in calculating his amended advisory guidelines range. Amendment 742, effective November 1, 2010, amended USSG § 4A1.1 to eliminate two of Shephard's criminal history points. If applied in calculating Shephard's amended guidelines range, that change lowered the amended range to 262-327 months. Shephard concedes that Amendment 742 is a nonretroactive amendment and thus would not have applied if the Fair Sentencing Act were in effect when his offense was committed. See United States v. Hines, 849 F. App'x. 174, 176 (8th Cir. 2021). However, he argues, the district court should have applied the Guidelines in effect at his First Step Act "resentencing," which incorporated this Amendment 742 change. Therefore, his amended guidelines range was miscalculated and we must remand for resentencing.

The Supreme Court squarely addressed this issue in Concepcion; it held that, in ruling on a First Step Act motion:

> A district court cannot . . . recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act. . . . [T]he Guidelines range [determined] as if the Fair Sentencing Act's amendments had been in place at the time of the offense . . . anchors the sentencing proceeding. The district court may then consider . . . nonretroactive changes in selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark.

142 S. Ct. at 2402 n.6 (cleaned up). This holding is consistent with our First Step Act precedents. See United States v. Harris, 960 F.3d 1103, 1106 (8th Cir. 2020), cert. denied, 141 S. Ct. 1438 (2021), a decision cited in Concepcion, 142 S. Ct. at 2398 n.2. Concepcion forecloses Shephard's Amendment 742 argument. The district court applied the 292-365 month guidelines range from the PSR addendum, based on the retroactive guidelines change in Amendment 782 but not on the nonretroactive change in Amendment 742. This was not procedural error.

**B.** Shephard next argues the district court procedurally erred by improperly ruling on his First Step Act motion at the January 28 hearing without first determining the amended guidelines range, as controlling precedents require. See United States v. Holder, 981 F.3d 647, 651 (8th Cir. 2020) (district court must "determine the amended guidelines range *before* exercising its discretion whether to grant relief") (emphasis in original); Concepcion, 142 S. Ct. at 2402 n.6 (the properly calculated Guidelines range "anchors the sentencing proceeding"). We disagree.

As the above-quoted colloquy makes clear, the sentence reduction announced by the district court at the January 28 hearing was tentative. Counsel for both parties reminded the court that determining the amended guidelines range for First Step Act purposes could be affected by the pending Amendment 782 motion on remand from this court, and by Shephard's objection that the Probation Office's recalculated range failed to apply nonretroactive Amendment 742. The district court stated it was "not comfortable answering" these issues "without an opportunity to review [them]." Shephard's counsel agreed to prepare a proposed order adopting the 292-365 range "[a]nd then before you sign it [you'll] have plenty of time to look at it." The court's Order for Sentence Reduction, entered on March 10, determined that Shephard's First Step Act amended guidelines range is 292-365 months, granted his First Step Act motion, and reduced his sentence to 480 months. The district court proceeded in a logical, careful manner to resolve multiple interlocking issues and then confirmed the amended guidelines range in its final order granting First Step Act relief. "[W]e have

repeatedly . . . declin[ed] to impose sentencing procedures upon the First Step Act process." United States v. Black, 992 F.3d 703, 705 (8th Cir. 2021). There was no procedural error.

**C.** Finally, Shephard argues the district court abused its discretion in imposing a statutory maximum 480-month sentence, a 115 month upward variance from his amended guidelines range. Shephard argues the court overemphasized the effect of his original drug trafficking on the community and his conduct violations in prison. He admits several of the violations were serious, but none caused physical harm and they decreased significantly, with no violations in the four years prior to the publication of the PSR addendum.

In Concepcion, the Supreme Court outlined standards for district courts and for courts of appeals reviewing First Step Act appeals:

> [W]hen deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments. [This requires no] more than a brief statement of reasons . . . [It] does not require courts to expressly rebut each argument. . . .
>
> The broad discretion that the First Step Act affords to district courts also counsels in favor of deferential appellate review. . . . Other than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, appellate review should not be overly searching.

142 S. Ct. at 2404 (citations omitted).

Here, the district court explained the reasons for its First Step Act decision and demonstrated that it considered the parties' arguments. The court expressly stated that it reviewed "the factors at 18 USC 3553(a)" and instituted an "upward variance."

-7-

The court did not overstate the seriousness of Shephard's offense -- he was "the most culpable person" in a large drug trafficking operation. His three-year evasion of authorities after skipping bond, his misconduct at his sentencing hearing, and his serious conduct violations while incarcerated show a lack of acceptance of responsibility and a failure to adjust his behavior. We have repeatedly emphasized that the First Step Act permits but does not require that a district court consider the § 3553(a) factors. See, e.g., United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020). The court did not abuse its substantial First Step Act discretion in imposing a 480-month reduced sentence.

The Order of the district court dated March 10, 2021, is affirmed.

_____